Pearson, J.
 

 This is an action on the case, on the “ custom of the land,” against the defendant, as an inn-keeper, for the loss of a mule. In this action, on the ground of public policy, common carriers and inn-keepers are treated as insurers, and are liable, except “ for the acts of God, and the enemies of the State,” without proof of negligence. In which respect it differs from an ordinary action on the case against a bailee. In our case, there being no proof of negligence, the plaintiff
 
 *148
 
 properly declared “ on the custom.” If he could have made this proof, it would have been, most proper to declare on the special case; for a recovery in that action may be made against an inn-keeper, who is guilty of negligence, in many instances, where he would not be liable in “case” on the custom: for instance — one takes boarding at an inn, on a special contract; his goods are lost, the inn-keeper is not liable “ on the custom,” but is liable in a special action on the case, if negligepce be proved. So, if one leave a trunk or carriage to be kept by an inn-keeper, or if one deliver a flock of sheep, or a drove of mules, or horses, to an inn-keeper to be pastured, ■he is only liable as bailee, on proof of negligence.
 

 The ground of public policy, on which an action on the case “ on the custom” is given against inn-keepers, is that persons who are travelling through the country are under a necessity of putting up at inns for
 
 entertainment
 
 — t/ranse%m-
 
 tes causa
 
 hosjpitandi, (from wliich last word they are called “ guests,”) without knowing anything about the character of the house; for which reason the law gives an assurance of the safety of their property — that is, the goods and animals
 
 (bona et
 
 caballa) which they have with them for the purposes of their journey.
 

 The reason restricts this action to
 
 guests
 
 as distinguished from
 
 boarders,
 
 who sojourn at an inn on a special contract. 3 Bac. Abr. 666, “Inns.” It is sometimes difficult to draw the line between guests and boarders. They frequently run into each other, like light and shade. So, the line between
 
 a common carrier
 
 and
 
 a bailee to carry,
 
 is sometimes scarcely perceptible; but the law makes the distinction, and it is the province of the Judge to draw the line. A transient customer at an inn, although he be not a traveller or stranger, is considered as a guest; a lodger, who sojourns at an inn, and takes a room for a specified time, and pays for his lodging, on a
 
 special agreement
 
 — as, by the month or week, is a boarder.
 
 Bennett
 
 v.
 
 Wilson,
 
 5 T. R. 273.
 

 So, the reason restricts the action to one
 
 who comes tfor entertainment
 
 — causa
 
 hosjpitandi.
 
 If one peddling merchandise
 
 *149
 
 puts up at an inn, and, besides his sleeping apartment, takes a separate room in which to show and sell articles — clocks and watches, for instance — these articles are not' within the protection of the rule.
 
 Burgess v. Clements,
 
 4 M. and S. 306. So, if one having a drove of horses or hogs to sell, puts up at an inn, and, besides entertainment for himself, procures from the landlord a lot in which to keep his animals, for the purpose of showing and selling them, they are not specially protected; and it makes no difference whether, by the agreement, the landlord has them fed, or whether the- drover buys provender of the landlord or a third person, and feeds them himself ; for, as Lord ElleNboeougu says, in the above case,
 
 “
 
 An inn-keeper is not bound by law to find show-rooms for his guests, but only convenient lodgi'ng-rooms and lodging.” The rule is restricted to such goods and animals as the guest carries with him for the purposes of his journey; “a flock of sheep is not comprehended among the
 
 bona et eatalla transe-úntes,
 
 which an inn-keeper is bound to receive and protect.
 
 Hanby
 
 v.
 
 Smith,
 
 25 Wendell 642. If such articles are received, the inn-keeper is only liable for neglect as a bailee. The policy fixing this special liability of inn-keepers is to encourage travelling and intercourse among the citizens, and does not reach so far as to take in considerations of trade and commerce.
 

 So the reason restricts the action to the things that are in the house and
 
 stables
 
 — infra
 
 hospitium,
 
 and does not extend to a horse that is put to grass according to an understanding between the inn-keeper and the guest.
 
 Calye’s
 
 case, 8 Rep. 32. This applies to horses and mules put into a lot by agreement of the parties.
 

 From these principles, it is clear that the plaintiffs have no right to complain of his Honor’s charge. The defendant had a right to expect him to be more specific in respect to the distinction between a guest and a boarder — what things are within the protection of the rule,.and vdiat are left to the liability of an ordinary bailee, and what place is within the
 
 inn
 
 — in
 
 fra hospitiwn.
 

 
 *150
 
 Upon all these points, according to the facts found by the jury, the defendant was entitled to a verdict. Any one of them was sufficient for his purpose. There is no error.
 

 Pee, CubxaM. Judgment affirmed.