SCHEFFER *et al.* v. CORSON *et al.*

1. Except under unusual circumstances, a new trial will not be granted on the ground of newly-discovered evidence which goes only to discredit or impeach a witness, or which is merely cumulative.

2.　While an inn-keeper may not assume the full and ordinary inn-keepers liability with respect to the goods of a traveling salesman who is a guest, and which are kept and displayed in a sample room furnished by such inn-keeper; he is liable for injury to such goods resulting directly from his want of ordinary care with respect to the same.

3.　When the question of negligence depends upon evidence from which different unbiased minds might reasonably draw different conclusions, it is a question of fact, and the verdict of a jury will not be disturbed.

(Syllabus by the court.　Opinion filed April 3, 1894.)

Appeal from Minnehaha county court. Hon. E. PARLIMAN, Judge.

Action to recover for injuries to plaintiff's goods while in defendants' hotel. Plaintiffs had judgment and defendants appeal. Affirmed.

The facts are stated in the opinion.

*McMartin & Carland*, for appellants.

The provisions of Section 3686, Comp. Laws, relating to the liability of inn-keepers is simply declarative of the common law and must be construed to apply to the personal property which a guest brings to the inn in his character as a traveler or guest, and not as a merchant or salesman. As to the former the inn keeper is an insurer; as to the latter he is simply a bailee and responsible only for want of ordinary care. Burgess v. Clements, 4 Maule & Selwyn 306 K. B. 1815; 2 Kent 596; Story, Bailments, 473; Redfield, Carriers and Bailess 443; Addison Law Cont. 6 Ed. 360; Fisher v. Kelsey, 121 U. S. 283.

The defendants are not liable for the reason that the alleged damage was caused by an irresistible superhuman cause. An irresistible superhuman cause is one happening without human intervention and which could not have been foreseen and guarded against by the use of reasonable skill and foresight. Reeves v. Railroad, 10 Wallace, 189; Davis v. Railroad, 89 Mo. 340; Strauss v. Railroad, 17 Fed. Rep.

*Glover & Orr*, for respondents.

KELLAM, J. In August, 1889, the appellants were partners

as inn-keepers at the city of Sioux Falls. Upon that day one Steinberg, a traveling salesman in the employ of respondents, stopped at the inn of appellant's, and became a guest therein. At his request he was given an extra room in which to exhibit his samples. This room was in the basement of the hotel. during his occupation of such room, and while his samples, which were the property of respondents, were so unpacked and being displayed upon tables standing against the outside walls of said room, they were injured by water and mud which came in from the outside during a rainstorm. Upon the trial, the respondents, who were plaintiffs, had judgment. The defendants moved for a new trial on the ground of newly-discovered evidence, and the insufficiency of the evidence to support the verdict. The motion was denied and defendants appealed.

While the affidavits upon which were based the motion for a new trial on the ground of newly discovered evidence are set out in the abstract, the question of error in the refusal of the motion on that account is not referred to in the argument of counsel on either side, and, we conclude, is not relied upon as substantial error. Without a very careful or critical examination and comparison of the statements of the affidavits with the testimony which went to the jury on the trial, it would appear that the newly discovered evidence was simply additional or cumulative, upon a question upon which both sides offered evidence upon the trial. The evidence referred to in the affidavits would doubtless have tended to discredit some of the statements of the principle witness for the plaintiffs. These statements did not go directly to any element of the cause of the action. Except under unusual circumstances, a new trial will not be granted on the ground of newly discovered evidence which goes only to discredit or impeach a witness (16 Am. & Eng. Enc. Law, p. 572, and cases cited), nor newly-discovered evidence which is merely cumulative (Id. p. 575).

No exceptions were taken to the charge of the court, and it must be treated as the law applicable to this case. The

court plainly instructed the jury that in respect to these goods the defendants did not assume the full and ordinary liability .of innkeepers, as establshed by common law and declared by our statutes, but that, if liable at all, their liability must result from a want of ordinary care. It said: "If the defendants in this matter have been guilty of any act or want of ordinary care—in other words, any act of negligence—by the means of which act of negligence or want of ordinary care this damage occurred, then the defendants are liable." The jury was further instructed that the burden was upon the plaintiffs to show that defendants had been guilty of such negligence, and that the injury resulted therefrom. The decision of the case there-fore rested upon the finding of the jury upon this single question.

The evidence tended to show that the storm which caused the damage came up between 9 and 10 o'clock in the evening, and was of unusual violence. Allowing that the storm itself was of such a character as to constitute an "irresistible super-human force," the question still remains, as a question of fact, whether the storm would have caused the injury if the defendants had used reasonable diligence, either in preliminary pre cautions or in caring for the goods during the storm. Defendants' negligence, in either respect, directly contributing to the injury, would have left them liable under the charge of the court. It was in evidence that water had once before flooded this basement on the occasion of a violent rain. Defendants introduced testimony showing what precautions had been taken by them to provide against a recurrence of such casualty. Were they reasonably sufficient to provide against storms, unusual, but still such as defendants knew sometimes did, and were liable to, occur? It was in evidence that defendants knew in what room these goods were, and that the rain .was coming down "in torrents," that the water and mud ran in through the window and damaged these goods, which were on exhibition on the tables. Does the evidence show that defendants were negligent, under

all the circumstances, in not giving earlier attention to this room and these goods, and did the damage result from such want of attention? One of the defendants testified that he thought the water was turned into the basement by an embankment in the street, thrown up by the water company in making some repairs. It had been in that condition so long that defendants had made complaint of it to the city authorities. In view of this condition of the street, and of defendants' knowledge of it, were they guilty of a want of ordinary care, under the circumstances in not taking further precautionary measures against incoming water? Much of the testimony of what was done, and when, was in serious conflict. We do not think the trial court, if it had been asked to, could have rightfully held upon the evidence either that defendants were or were not liable. It was purely a question of negligence, to be determined upon evidence from which different unbiased minds might reasonably draw digerent conclusions, and was therefore a question for the jury. Under the established law of appellate courts, we cannot disturb the verdict. The judgment of the county court is affirmed.

CORSON, P. J., took no part in the decision of this case.