## WILLIAMS v. NORVELL-SHAPLEIGH HARDWARE CO.

No. 945. Opinion Filed July 11, 1911.

(116 Pac. 786.)

1. **INNKEEPERS—Liability—Goods of Commercial Traveler.** Where property is brought to a hotel for the purpose of sale or show, such as the goods of commercial travelers, the law does not hold an innkeeper to his strict liability, but only to the exercise of ordinary care and answerable for negligence.

2. **INNKEEPERS—Negligence—Question for Jury.** Where, from the facts shown by the evidence, reasonable men might draw different conclusions respecting the question of negligence, it must be submitted to the court or jury trying the cause.

(Syllabus by the Court.)

*Error from Carter County Court; I. R. Mason, Judge.*

Action by the Norvell-Shapleigh Hardware Company against Frank Williams. Judgment for plaintiff, and defendant brings error. Affirmed.

*L. S. Dolman,* for plaintiff in error.

*Bledsoe & Little,* for defendant in error.

KANE, J. This was an action commenced by the defendant in error, plaintiff below, against the plaintiff in error, de-

fendant below, to recover damages for the loss of certain merchandise belonging to the plaintiff, which was stolen while in the sample room of the Whittington Hotel, at Ardmore, of which the defendant was proprietor. The petition alleged, in substance, that on the 2d day of August, 1906, one George Vickers, a traveling salesman for the plaintiff, was a guest at said hotel, and had with him said merchandise as samples; that while said samples were in the sample room of said hotel said merchandise was stolen by reason of the negligence of the defendant. On a trial to the court, there was judgment for the plaintiff, to reverse which this proceeding in error was commenced.

The principal ground for reversal, as we gather it from the brief of counsel for plaintiff in error, seems to be that the court below held the defendant to the common-law liability of an innkeeper, and that, if the proper rule as to liability were observed, to wit, that of a bailee, there would not be sufficient evidence to establish want of ordinary care on the part of defendant. There is nothing in the record to indicate what the views of the court below were on the question of liability, but we are satisfied that there was ample evidence adduced at the trial to sustain the judgment of the court on either theory. We think counsel is correct in his contention that under the circumstances the defendant was only liable as a bailee for want of ordinary care. The rule seems to be quite well settled that, where property is brought to a hotel for the purpose of sale or show, such as the goods of commercial travelers, the law does not hold an innkeeper to his strict liability, but only to the exercise of ordinary care and answerable for negligence. *Neal v. Wilcox,* 49 N. C. 146, 67 Am. Dec. 266; *Scheffer v. Corson,* 5 S. D. 233, 58 N. W. 555; *Jalie v. Cardinal,* 35 Wis. 118; *Myers v. Cottrill,* 5 Biss. 465, Fed. Cas. No. 9,985; *Farnsworth v. Packwood,* 1 Stark. 249; *Fisher et al. v. Kelsey et al.,* 121 U. S. 383, 7 Sup. Ct. 929, 30 L. Ed. 930.

It is admitted by counsel that this loss occurred in Indian Territory, prior to statehood, and that the common law as to innkeepers was in force therein. Discussing the rule at common law, in *Fisher et al. v. Kelsey et al., supra,* Mr. Justice Harlan says:

"Although Fisher was received by the defendants into their hotel, as a guest, with knowledge that his trunks contained articles having no connection with his comfort or convenience as a mere traveler or wayfarer, but which, at his request, were to be placed on exhibition or for sale in a room assigned to him for that purpose, they would not, under the doctrines of the common law, be held to the same degree of care and responsibility, in respect to the safety of such articles, as is required in reference to baggage or other personal property carried by travelers. He was entitled, as a traveler, to a room for lodging; but he could not, of right, demand to be supplied with apartments in which to conduct his business as a salesman or merchant. The defendants, being the owners or managers of the hotel, were at liberty to permit the use by Fisher of one of their rooms for such business purposes; but would not, for that reason and without other circumstances, be held to have had his goods in their custody, or to have undertaken to well and safely keep them as constituting part of the property which he had with him in his capacity as guest. Kent says that, 'If a guest applies for a room in an inn, for a purpose of business distinct from his accommodation as a guest, the particular responsibility does not extend to goods lost or stolen from that room.' 2 Kent, 596. See, also, *Myers v. Cottrill*, 5 Biss. 470 [Fed. Cas. No. 9,985], Drummond, J.; Story, Bailm. par. 476; *Burgess v. Clements*, 4 Maule & S. 306; Redfield, Carriers & Bailees, 443; Addison, Law Cont. [6th Ed.] 360."

The foregoing authorities, we think, clearly establish the liability of the defendant to be that of a bailee. But treating him as such, there is still evidence reasonably tending to show want of ordinary care on his part. The rule is: Where, from the facts shown by the evidence, reasonable men might draw different conclusions respecting the question of negligence, it must be submitted to the court or jury trying the cause. *Sans Bois Coal Co. v. Janeway*, 22 Okla. 425, 99 Pac. 153.

The judgment of the court below is affirmed.

TURNER, C. J., and WILLIAMS, J., concur; DUNN and HAYES, JJ., absent and not participating.