WEHDE, Appellant, v. SIPPLE, Respondent.

(226 N. W. 274.)

(File No. 6506. Opinion filed June 27, 1929.)

*Campbell & Fletcher,* of Aberdeen, for Appellant.

*Van Slyke & Agor,* of Aberdeen, for Respondent.

BROWN, J. Plaintiff appeals from an order granting a new trial in an action wherein he was awarded a verdict for $4,000 for injuries alleged to have been inflicted in an assault made upon

him by defendant. The order granting the new trial states that it is based upon newly discovered evidence which defendant could not with reasonable diligence have produced at the trial and which is likely to produce a different result than was obtained at the trial of the case, and on the further ground that the damages returned by the jury were the result of passion and prejudice, that the evidence was insufficient to justify the verdict, and that the defendant did not have a fair, impartial trial. It is nowhere stated in what respect the defendant did not have a fair and impartial trial, other than that the evidence is insufficient to justify the verdict, and that the verdict was the result of passion and prejudice. If it be conceded, as we think it must be, that it is for the jury to determine whom they shall believe upon conflicting evidence, there was certainly ample evidence to justify the verdict, and there is nothing in the record except the amount of damages to show that the verdict was the result of either passion or prejudice.

▇ In the order granting the new trial it is stated that the amount of damages fixed by the jury was grossly excessive, but the testimony shows that the injuries, if inflicted by defendant at all, were inflicted on January 3d, and medical testimony in the case shows that at the time of the trial on October 13th plaintiff had, extending from his neck to the end of his spine, a very painful area, and in the small of his back the muscles were exceedingly tender, and that some time there had been a serious injury there; that there was neurosis all through his system and he had rigidity of the muscles of his neck which was the result of some injury; that on the left side he had an area about the size of the back of the physician's hand which was so sensitive on pressure that plaintiff screamed with pain; that there was a dislocation of the muscles along the spine which at some time had been torn from their attachments and were still inflamed and there was evidence of a wasting of the muscles there; that, while his condition might improve, he would never entirely recover, and recovery would be very slow; that electricity treatment and the application of heat and massage to the muscles is the only thing that would promise any benefit to him, and even under that treatment it would be a long time, in all probability, before there would be any beneficial results. Testimony of physicians on behalf of defendant who examined plaintiff at the trial was to the effect that his nervous

tension was severe; that he had curvature of the spine of long standing; in the small of his back he had a spot of tenderness which covered quite a territory; that there was rigidity of the muscles on the right side of the neck, which seemed to be tense and contracted. In view of the fact that there was testimony of several witnesses that plaintiff, prior to January 3d, was an able-bodied man with no apparent infirmity, and the undisputed fact that in the preceding November he had passed an examination for life insurance after which the life insurance company issued to him a policy, it cannot be said that the evidence was insufficient to justify the verdict, nor that the amount of damages awarded indicated that the verdict was the result of passion or prejudice.

The newly discovered evidence was set forth in the affidavits of several persons, to the effect that on one occasion in November, 1925, and on another occasion about the middle of May, 1926, plaintiff had said that he had fallen from his separator and struck with his back on a pulley and hurt his back. One affiant (who was a witness at the trial) said he saw plaintiff dancing at a public dance in February, 1926. The reason he assigns for having said nothing about this when a witness on the trial is not satisfying to us. Another, whose affidavit relates in somewhat lengthy detail alleged conversations with plaintiff about the injury to his back, was also a witness on the trial and then testified that he did not know that plaintiff ever talked to him about his health.

All of the alleged newly discovered evidence is simply in the nature of impeaching plaintiff, and all of it is denied by plaintiff who also introduced the affidavits of a number of men employed on the threshing crew during the period when plaintiff is alleged to have fallen from the separator, who stated that no such incident took place, and that plaintiff showed no appearance of injury prior to January 3, 1926.

"Except under unusual circumstances, a new trial will not be granted on the ground of newly-discovered evidence which goes only to discredit or impeach a witness, or which is merely cumulative." Scheffer v. Corson, 5 S. D. 233, 58 N. W. 555.

The record in the present case certainly discloses no unusual circumstances.

At least three witnesses for defendant testified on the trial that on January 1, 1926, plaintiff complained of his back hurting;

one of them said that plaintiff on that day said that he had wrenched his back, and about half a dozen witnesses for defendant on the trial testified, in substance, that there was no difference in plaintiff's appearance or manner of walking since the date of the alleged assault from what it was before. Testimony that plaintiff had said' all that is set out in the affidavits would be merely cumulative to what was testified to by quite a number of witnesses for defendant on the trial.

On the trial plaintiff gave the names of the doctors who had examined him for life insurance in November, 1925, Dr. Denismore of Claremont and Dr. McCauley of Aberdeen. It should have been easy to ascertain approximately the time when plaintiff was said to have fallen from the separator, and, if it was before the examination, to have learned from the doctors whether plaintiff had any such injury when they passed him for life insurance.

While we realize that the granting of a new trial is largely in the discretion of the trial court, and that a stronger case must be made to warrant the reversal of an order granting a new trial than an order denying, yet in this case we think there was a clear abuse of discretion in granting a new trial, and the order granting it is reversed.

FULLER, C., sitting in lieu of CAMPBELL, J., who deems himself disqualified.

SHERWOOD, P. J., and BURCH and FULLER, JJ., concur.

POLLEY, J., dissents.