(27 Misc. Rep. 479.)

### BRADNER v. MULLEN.

#### (Herkimer County Court. May, 1899.)

1. INNKEEPERS—LOSS OF CLOTHING—LIABILITY OF LANDLORD—STATUTE—EVIDENCE.

Where an innkeeper provides a row of hooks behind the office desk upon which guests may hang their coats without checks being given therefor, he thereby assumes a duty to care for the same, and is liable for the loss of a coat hung in such place by a guest, in the presence of an employé of the hotel, notwithstanding the provisions of Laws 1883, c. 227, § 2, that no hotel keeper shall be liable for the loss of any article of wearing apparel belonging to a guest, "and not within a room assigned to him, unless the same shall be specially intrusted to the care or custody of such hotel keeper or his servants"

2. SAME—EVIDENCE.

In an action by a guest against a hotel keeper for the loss of a coat hung upon a hook behind the office desk, evidence of what occurred at the time of placing the coat upon the hook, who was present, and, if a servant of the hotel, what was said and done, is competent.

Appeal from recorder's court of Little Falls.

Action by Claude H. Bradner, plaintiff, against Joseph Mullen, defendant, for the value of an overcoat, which was lost in defendant's hotel. There was a judgment for defendant, and plaintiff appeals. Reversed.

H. A. De Coster, for appellant.

J. A. Evans, for respondent.

DEVENDORF, J. This action is brought to recover the value of an overcoat lost by plaintiff at defendant's hotel at Little Falls, N. Y. The undisputed evidence discloses the following facts: That defendant was proprietor of the Metropolitan Hotel at Little Falls on or about October 14, 1898, and the plaintiff was then a guest at said hotel; that on the evening of that day the plaintiff walked in behind the desk in the hotel office, and in the presence of an employé of the hotel, and the person apparently in charge of the office, hung up his overcoat on one of the hooks therein used for that purpose by guests; that the hotel management usually gave checks for umbrellas, but none for overcoats unless asked; and the plaintiff, in placing his coat behind the desk in the office of said hotel, placed it upon hooks placed there for the purpose of hanging coats, and according to the custom of the guests at said hotel. The next day plaintiff discovered that his coat was missing, and its whereabouts was not ascertained, and as a consequence the coat was lost. The defendant avers that he was not liable for the loss of the coat, and also alleges a counterclaim, and seeks to recover the amount of plaintiff's bill for board at said hotel. The court below, in rendering the judgment, apparently found from the evidence that there was no obligation incurred on the part of the defendant for the care of the coat in question, and that plaintiff was indebted to defendant for $30.85, and judgment was rendered therefor accordingly. The defendant claims that the overcoat was not specially intrusted to the care or custody of himself or any of his servants, and therefore invokes the application of section 2, c. 227, Laws 1883, entitled "An act to prevent fraud and fraudulent practices upon or by hotel keepers and inn keepers," which provides as follows:

"No hotel keeper shall be liable to any guest for the loss of wearing apparel, goods or merchandise for any sum exceeding the sum of five hundred dollars, where it shall appear that such loss occurred without the fault or negligence of such hotel keeper; nor shall he be liable in any sum for the loss of any article or articles of wearing apparel, cane, umbrella, satchel, valise, box, bag, bundle or other chattel belonging to such guest, and not within a room assigned to him, unless the same shall be specially intrusted to the care and custody of such hotel keeper or his servants."

The question for the court to determine is whether the facts as disclosed by the evidence bring the case within the statute above quoted. The liability of the innkeeper, as well settled by the common law, would undoubtedly make the defendant liable for the loss of the coat under the facts as established by the evidence in this case, but it is urged by the respondent's attorney herein that the said statute of 1883 has relieved the defendant from any liability whatever herein. The clerk in charge of the office says they gave no checks for overcoats unless asked for, yet at the same time, back of the desk in the office, was a row of hooks for the express purpose of hanging coats, and the guests about the house were accustomed to place their coats there,—step behind the desk, and hang their coats there themselves. It does not appear that any other place was provided. In this case the plaintiff obtained a check for his umbrella, stepped behind the desk, and in the presence of the person there waiting on guests hung his coat on one of the hooks. That

coat was afterwards lost from the hook. I think the defendant, as innkeeper, owed a duty to the plaintiff, his guest, to see that the articles of wearing apparel which were hung up in the place he had provided for them were protected from loss. It does not appear that he gave the guests any notice that they would place their garments there at their own peril, and I believe this act of maintaining the hooks for that purpose, and permitting the guests to use them, carried with it a duty on his part to see that the property was safely cared for there. It is true, he generally gave checks, but there is nothing in the statute that requires hotel keepers to give checks in return for baggage or clothing, but, as I understand it, the system of giving checks is largely for the convenience of the innkeeper, and not for the safety of the property. The defendant could have easily guarded against loss by having a person in charge of the property of his guests left in the office, or notice could have been given to each guest that no place was provided or would be provided for their overcoats, and in that way the safety of both the innkeeper and his guest from loss would have been assured. I do not think that a hotel keeper can absolve himself from a certain duty he owes his guests by providing for them a place to put their overcoats, hats, etc., and permit a custom to prevail for the use of that place in that way, and then say, in a case of loss, that no obligation whatever rests on him. The above statute is to some extent in derogation of the common law, and I think it should not be construed too strictly as against the guest. The plaintiff in this case put aside his overcoat, and placed it where it may well be said he had been invited to place it by the defendant. He put it in the only place that he could unless he resorted to his sleeping room in the hotel. While the defendant created the situation that required care, he made no provision for it by furnishing a safe place to deposit or leave the garments or overcoats of the guests, or notifying the guest to look out for the coat himself, or making rules for the government of his hotel under such circumstances, or in any way which would come to the attention of the guest. Under the circumstances I think there was a duty resting upon the defendant towards the plaintiff's property in this case which he did not perform. Bird v. Everard, 4 Misc. Rep. 104, 23 N. Y. Supp. 1008; Bunnell v. Stern, 122 N. Y. 539, 25 N. E. 910.

The court below sustained the defendant's objection to the question asked of plaintiff that the bell boy was looking at him when he was hanging up his coat; also sustained an objection to the question whether the plaintiff saw any of the guests on that night (the night the coat was lost) take checks for their overcoats; also sustained defendant's objection to the question asked of plaintiff whether, at the time he hung up his coat there, he saw others hang coats up there. The plaintiff earnestly urges that the rulings above referred to, among others, were erroneous, and prejudiced the rights of the plaintiff in this case. It seems to me that it was competent to show by plaintiff all that occurred there at the time of his placing his coat upon the hooks, and the surroundings, as to who was present, and, if a servant of the hotel in charge, what was said and done. Without saying, however, whether the exclusion of the evidence above mentioned was

reversible error or not, I have come to the conclusion that the judgment should be reversed, as I believe from the uncontradicted evidence in the case the innkeeper voluntarily assumed and was under obligation to his guest, which he failed to perform. The judgment is therefore reversed, with costs.

Judgment reversed, with costs.