HINE v. GOKEY *et al., County Com'rs.*

No. 52.    Opinion Filed May 2, 1909.

(102 Pac. 77.)

**BRIDGES—Construction and Repairs—Powers of Commissioners— Statutes.** Even where two acts are not in express terms repugnant, yet, if the later act covers the whole subject of the first and embraces new provisions plainly showing that it was intended as a substitute for the first act, it will operate as a repeal of that act.

(Syllabus by the Court.)

*Error from District Court, Oklahoma County; George W. Clark, Judge.*

Action by T. S. Hine against Charles Gokey, and others, as County Commissioners. Judgment for defendants, and plaintiff brings error. Affirmed.

*Honnold & Pulse,* for plaintiff in error, citing: *Carpenter v. Russell,* 13 Okla. 277; *McMillan v. Board of Com'rs,* 14 Okla. 659; *U. S. v. Claflin,* 97 U. S. 546; *Newman v. Lake,* 70 Kan. 848; *Ex parte Pfirrman,* 134 Cal. 143; *Giles v. Dennison et al.,* 15 Okla. 55.

*E. E. Reardon,* Co. Atty,, *James S. Twyford, J. W. Hayson,* and *T. G. Chambers,* for defendants in error, citing: *State v. Studt,* 31 Kan. 245.

KANE, C. J.   This was a suit in equity commenced by the plaintiff as a citizen and taxpayer of Oklahoma county against Charles Gokey, L. Lynch, and George Carrico, as members of the board of the county commissioners of said county, and Charles McCafferty, treasurer, and the John Gilligan Company, to enjoin them from furnishing, constructing, or erecting certain bridges; praying that the board of county commissioners and each of them be enjoined from taking any steps whatever towards the carrying out of a certain contract purporting to be for the purchase of said bridges and from issuing warrants to pay for the same, and that Charles McCafferty, county treasurer, be enjoined from paying certain warrants already issued and registered in pursuance of said contract; and that, upon final hearing, a perpetual injunction be granted to like effect.   The grounds upon which relief was prayed were that the contract for the purchase of the bridges was absolutely void, for the reason that it purported to bind the board of county commissioners of Oklahoma county to close a certain specific contract for the construction and erection of bridges and public works, the cost of which was to be $3,132, and that the said board of county commissioners of Oklahoma county did not before closing such contract advertise the same for 10 days as required by law, and that no plans and specifications of said public works were made and filed with the county clerk; that no notice was given to the public that the contract was about to be entered into, or that a purchase was about to be made of said bridges; that no opportunity was given for competitive and sealed bids; and that no bond had been entered into and executed as required by law. There were other grounds of relief set up in the petition, but, as counsel for the parties make the foregoing the principal grounds upon which the rights of the parties depend and only notice the others casually in their briefs, we will disregard them in this opinion.

The theory upon which the case was tried below and upon which it is presented to this court is that the purchase of the bridges by the board of county commissioners was contrary to sec-

tion 3, art. 2, c. 12, p. 116, Sess. Laws 1897 ( section 1405, Wilson's Rev. & Ann. St. 1903), which provides, in part:·

"That the letting of contracts for the construction of bridges or repairing the same, where the cost of such exceeds twenty-five dollars, or any other public work shall be made and let in the following manner, to wit: The county commissioners shall, ten days before closing a contract therefor, first advertise by placing five or more notices in conspicuous places in their respective counties, one of which notices shall be at the courthouse door, setting forth the nature of said work and referring to plans and specifications which may be examined at any time at the office of the county clerk, that sealed bids will be received and filed with the county clerk for such work, to be opened at 10 o'clock a. m. on the day set out in said notices by the county commissioners."

The contention of counsel for plaintiff in error is that the contract for the purchase of these bridges was not entered into as the result of competitive sealed bids, and was therefore void. On the other hand, counsel for defendants in error contend that the foregoing provision was repealed by implication by article 3, c. 27, p. 178, Sess. Laws 1901. By reference to section 1 of said article, it will be found that the Legislature conferred power upon the board of county commissioners to "let contracts for grades, bridges, and surfacing of highways, and to build bridges in proper form and condition for public travel." The same section makes the county commissioners the sole judges of the places and roads where heavy grades, bridges, cuts, and fills are necessary, and also makes them supervisors of roads in their respective districts with power to superintend all public works let by contract by the board of county commissioners, and by section 2 they are required to employ the county surveyor or some competent civil engineer to make proper surveys of such roads, grades, cuts, or fills, prepare surveys and profiles thereof, and cause the same to be conspicuously marked thereon, and file with the county clerk a copy of the drawing showing such specifications. The same section provides, further, that no contract shall be let for the building of any bridge across any principal stream until the surveyor and civil engineer provided for in this section be employed by the board of county

commissioners to make all necessary measurements between the banks, noting the length of spans and approaches, including size and heighth of piers, together with an itemized estimate of costs of construction, and all necessary drawings, plans, and specifications, and file the same with the county clerk; and the same shall at all times be open to inspection, and the board are required to advertise that the contract will be let to the lowest responsible bidder, and a copy of such notice shall be posted on each road or portion of road or bridge. It is further provided that, in purchasing bridges, the board of county commissioners may in their discretion buy such bridges from the manufacturers thereof when by so doing a saving can be made to the county.

It is true that the foregoing article 3 contains no specific reference to the law of 1897 on the same subject and does not repeal it in direct terms, but it seems to cover the entire subject-matter of the prior act, and employs new and different provision for carrying into effect the same objects, indicating that it was intended as a substitute therefor. The rule of construction in such cases is that, "even where two acts are not in express terms repugnant, yet if the latter act covers the whole subject of the first, and embraces new provisions, plainly showing that it was intended as a substitute for the first act, it will operate as a repeal of that act." *U. S. v. Tynen,* 11 Wall. 88, 20 L. Ed. 153; *Smock v. Farmers' Union State Bank,* 22 Okla. 825, 98 Pac. 945; *State v. Studt et al.,* 31 Kan. 245, 1 Pac. 635. The act of 1901 completely covers the entire field covered by the law of 1897, and in some particulars goes further. It does not stop with the requirement of the former act that, where the cost of construction of bridges or repair of same or other public work exceeds $25, the letting of a contract therefor shall be made after advertisement, but requires that the letting of contracts for the construction of any grade or portion thereof, including bridges, regardless of cost, shall be made upon advertisement; and, in addition thereto, requires that, when a bridge is to cross any principal stream, the surveyor shall make measurements and estimates of the cost, and

the same section authorizes the board to purchase bridges outright. Moreover, section 16, c. 29, p. 244, Laws 1903, repeals article 3, c. 27, p. 178 Laws 1901, and vests the township trustee with the control over and supervision of the roads in his district, including all bridges therein not over 20 feet in length, while the board of county commissioners were given sole control of and supervision over all bridges more than 20 feet long with authority to provide for the erection and maintenance of same as provided in that act. It was under this later act that the purchase of the bridges was made, and counsel for both sides agree that, if the law of 1897 in relation to advertising for bids was repealed, the contract would have been valid.

The court below took the view that the law of 1897 was repealed by implication, and, as we are of the same opinion, it follows that the judgment rendered below must be affirmed. It is so ordered.

All the Justices concur.