## HUCKINS HOTEL CO. v. HOOPER.

No. 3932.  Opinion Filed October 27, 1914.
Rehearing Denied November 24, 1914.
(144 Pac. 177.)

**INNKEEPERS—Loss of Guest's Property—Burden of Proof.** H., a traveling salesman, while a guest of defendant hotel, deposited with it for safe-keeping $390. It was not called for until about three or four weeks later. In the meantime he was a registered guest a part of the time, and part of the time he was away and not technically a guest. The money could not be found when demanded, and suit was brought for the amount deposited. **Held,** that the burden of proof was not on H. to show that he was a registered guest at the precise time the money was lost.

(Syllabus by Brewer, C.)

*Error from District Court, Oklahoma County;*

*John J. Carney, Judge.*

Action by Joseph O. Hooper against the Huckins Hotel Company, a corporation. Judgment for plaintiff, and defendant brings error. Affirmed.

*B. O. Young,* for plaintiff in error.

*David N. Taylor,* for defendant in error.

Opinion by BREWER, C.   Joseph O. Hooper brought this suit, as plaintiff below, against the Huckins Hotel Company, a corporation, as defendant, to recover $390, which he had deposited with the defendant for safe-keeping.   A judgment for said sum was rendered on the verdict of a jury in his favor, from which the defendant appeals.

The plaintiff in error, as a premise for the argument in its brief, says:

"We contend that there is only one proposition in this case, and that is:   Was the plaintiff a guest at the time the package was lost?  And this proposition naturally divides itself into two questions, namely:   First, when was the package lost?   And, second, was the plaintiff a guest at that time?"

Plaintiff's evidence, which is not contradicted, discloses that he is a traveling man, representing an Eastern firm, and that on March 11, 1911, he came to Oklahoma City and registered at the Lee-Huckins Hotel, and took therein his trunk; that he stayed over Sunday, and on Monday paid his bill and made arrangements to have a room reserved for him either Friday or Saturday of the same week, and for his trunk to remain at the hotel in its care, and directed that all mail that he might receive should come to the hotel.   This arrangement continued, or rather was repeated weekly, from the time he first came to the hotel up to May 19th.   He was actually in the hotel nine periods during the time mentioned, his trunk remaining there throughout the entire time; he either being an actual guest present in the hotel, or with a room reserved for the next Saturday, for which he was liable during the entire time mentioned.   About the middle of April, on either the 14th or the 21st, while he was present and a guest, he went to the cashier's window and informed her that he had a larger amount of money than he ought to carry with him; that he wanted to leave same in the hotel vault or safe for safe-keeping.   He counted the money and thought it was $370, pushed it through the wicket into the cashier, and she counted it and made it $390.   Plaintiff then recounted the money and found it was $390, pushed it back to the cashier, and she took it,

put it in a patent envelope, sealed it, and detached and gave to him a receipt for the same. About the 19th of May the plaintiff, being in the hotel and a registered guest, asked for his package of money and exhibited his receipt. The cashier took the receipt, went to the vault to get the package, but later returned and informed plaintiff that it could not be found. Later plaintiff made formal demand for the money, but it was never restored to him, and this suit resulted.

The defendant admits that it received the money in the amount stated and gave a receipt as claimed, and that it has not restored the money, but defends on the theory that, at the time the money was lost, the relation of innkeeper and guest had been terminated between the parties, and that therefore it was not liable as an innkeeper. Section 1113, Rev. Laws 1910, is as follows:

"An innkeeper or keeper of a boarding-house is liable for all losses of, or injuries to, personal property placed by his guests or boarders under his care, unless occasioned by an irresistible superhuman cause, by a public enemy, by the negligence of the owner, or by the act of someone whom he brought into the inn or boarding-house; and upon such property the innkeeper or keeper of a boarding-house has a lien and a right of detention for the payment of such amount as may be due him for lodging, fare, boarding, or other necessaries by such guest or boarder; and the said lien may be enforced by a sale of the property in the manner prescribed for the sale of pledged property."

This statute practically makes the innkeeper an insurer of the property of his guests placed under his care, but certain exemptions from liability may be availed of by the innkeeper by complying with section 1114, Rev. Laws 1910, which is as follows:

"If any innkeeper or boarding house keeper keeps a fireproof safe, and gives notice to a guest or boarder, either personally or by putting up a printed notice in a prominent place in the room occupied by the guest or boarder, that he keeps such a safe and will not be liable for money, jewelry, documents or other articles of unusual value and small compass unless placed therein, he is not liable, except so far as his own acts contribute thereto,

for any loss of, or injury to, such article, if not deposited with him, and not required by the guest or boarder for present use."

The question of exemption from liability under the statute above quoted is not involved in this case, for it seems to be admitted that the notice had been given under the statute, and that plaintiff had fully complied with the notice by making the deposit of his money with the defendant. Neither is there any claim that the plaintiff was in any way negligent or had anything to do with the loss of his money.

Much of the argument of plaintiff in error is directed to the proposition that the plaintiff, upon each recurring visit to the hotel, ceased to be a guest when he checked out on Monday morning, and that the relation did not exist while he was away, but would be re-established at the week-end when he was actually in the hotel, and plaintiff in error says, therefore, that plaintiff's evidence fails to make a case, in that it does not affirmatively prove that the loss occurred when he was a guest in the hotel; in other words, that the burden was on plaintiff, not only to prove all that he did prove, but to further and affirmatively show that the property was lost when he was a guest, and, not having done so, that his case fails for want of proof. We do not believe that this burden rested upon him. Even assuming, for the purpose of the argument, but without so deciding, that plaintiff would not be a guest from Monday morning until Friday or Saturday when he returned, we do not believe that the burden was cast upon him to show that his money was lost by the defendant at a time when he was actually in the hotel as a guest. The plaintiff knows nothing about, and in the very nature of things could know nothing about, the loss of his money or how or just when it occurred. If anybody knows anything about how the hotel lost this money or when it occurred, it must be the hotel managers. They ought at least to know something about it and be able to give some explanation of the very unusual occurrence.

We have not found any case directly in point on this question, wherein the facts are the same, but it seems to be unques-

tioned that where the relation of innkeeper and guest has been created, and the question arises as to whether the relation has been terminated, the burden is on the innkeeper to show such fact (Beale on Innkeepers and Hotels, 105), and likewise where an innkeeper has made a misdelivery of the goods of a departing guest, so that they are lost, the burden is on the innkeeper to explain the loss and give a sufficient reason therefor (Beale on Innkeepers and Hotels, 206, and cases cited).

In this case the defendant offers no word of explanation as to how the loss occurred. It does not make a suggestion, or even hazard a guess, as to how it might have happened. It stands in the attitude of saying:

"Yes, we are an innkeeper, and you were our guest when you deposited your money, and, had you demanded its return while you were our guest, we were insurers and would have been liable to you; but since there was a portion of the time, between the time of the deposit and the demand for it, in which you were not in fact our guest, therefore you have not shown us liable for your money, because you have not shown affirmatively that we lost it during the time you were actually with us."

This will not do. It is just as probable as otherwise that this money was lost while the plaintiff was an actual guest in the hotel. We think it is more probable than otherwise. The defendant took great pains to show that packages of this kind were put in a concrete-steel vault, which had a steel door, locked with a key, and inside an inner steel chamber, which had two keys to open it; that these keys were kept by the clerk; that packages of this kind were received by the cashier at her cashier's cage and were immediately turned over to the clerk, or his assistant, to be placed in the vault. Neither the hotel proprietor nor the cashier in this particular instance remembers a single thing about the transaction. The cashier admitted her signature to the receipt, but all recollection of the transaction of receiving the money, the handling of it, the counting and recounting of it, as testified to by the plaintiff, had passed from her mind; but she united with the proprietor in saying that the package must have been handled in the usual way, as has been

above set out. Now, it is clear that if the package was handled in the usual way and was put, by the clerk, in this steel box under two locks, in the vault under another lock, all of the keys of which are in the custody of the hotel, it was not lost at all, but was misappropriated by some trusted employee. There is no suggestion by the defendant, and we would not like to assume, that any of the employees were dishonest and stole the money; therefore it would seem more probable that the money never got into the strong box, but possibly, after having been received by the cashier, was temporarily laid aside and stolen by some one not connected with the hotel. If such was the case, the money was lost while the plaintiff was a registered guest, and there could be no question of liability; but, be this as it may, we are content to simply hold that, under the facts of this case, the plaintiff's evidence was sufficient, and that the burden of showing, if it could show such, that the package was lost after the relation of guest and innkeeper had been terminated was on the defendant.

The case should be affirmed.

By the Court: It is so ordered.