**ABERCROMBIE et al. v. EDWARDS et al.**

No. 8119—Opinion Filed Dec. 19, 1916.

(161 Pac. 1084.)

**1. Innkeepers—Liabilities—Loss of Goods.**

Under the common law, where property is brought to a hotel for the purpose of sale or show, such as the goods of commercial travelers, the law does not hold the innkeeper to his strict liability, but only to the exercise of ordinary care, and makes him answerable only for his negligence.

**2. Same.**

Under sec. 1113, Rev. Laws 1910, an inn keeper is liable for all losses of, or injuries to, personal property placed by his guests or boarders under his care, unless occasioned by an irresistible, superhuman cause, by a public enemy, by the negligence of the owner, or by

the act of some one whom he brought into the inn or boarding house.

**3. Same—"Personal Property."**

The words "personal property," as used in this act, embrace the samples of traveling salesmen.

**4. Same—Loss of Goods—"Placed Under His Care."**

The provision of this statute that the innkeeper is liable for goods of his guests, "placed under his care," is declaratory of the common law, not restrictive thereof. Under such provision it is not necessary, in order to render the innkeeper liable for their loss, that the goods be placed under his special care, or that notice be given of their arrival. It is sufficient if they are brought into the inn in the usual and ordinary way and are not retained under the exclusive control of the guest, but are under the general and implied control of the innkeeper.

**5. Same—Question for Jury.**

Whether the liability thus imposed is excused by the negligence of the guest, contributing to the loss is in this state a question for the jury.

**6. Same.**

Evidence examined, and held sufficient as against a demurrer thereto.

(Syllabus by Burford, C.)

Error from District Court, Custer County; T. A. Edwards, Judge.

Action by W. A. Abercrombie and another against Sarah Edwards and another. From a judgment sustaining a demurrer to the evidence, plaintiffs bring error. Reversed, and new trial ordered.

Phillips & Mills, for plaintiffs in error.

Geo. T. Webster, for defendants in error.

Opinion by BURFORD, C. This suit was instituted by the plaintiffs in error against the defendants in error to recover the value of a certain sample trunk and its contents. The plaintiff's evidence showed that he was a traveling salesman, and that the goods lost were samples which he carried for the purpose of show and display. His trunk was placed in the sample room of the hotel by a baggageman employed by him, and after it had remained there for a considerable period of time finally was found to be missing, and it was presumed that the same had been stolen.

There was evidence tending to show that it was customary for commercial travelers to have their sample trunks placed in the sample room, and that the plaintiff had followed this custom during five or six years previous to the loss of his trunk, and that he knew of no other place provided for sample trunks. There was also evidence that the

proprietress of the hotel had a room in the third story where property placed specially in her care was locked up and stored. There was evidence that the proprietor of one of the bus and baggage lines in Clinton, where the hotel was located, was paid a weekly stipend to solicit guests for the hotel, and that he commonly placed their baggage, without special instruction, as he knew what to do with it. There was no proof, however, that this particular baggageman handled the trunk for plaintiff when last placed in the sample room, plaintiff's testimony only going so far as to establish that he usually employed such baggageman. The proprietress, introduced as a witness by plaintiff, testified positively that she did not know that the trunk was placed in the sample room. The only evidence tending to show knowledge was testimony that on one occasion some months previous to the loss one of the hotel clerks saw the trunk in the sample room and examined a part of its contents, and that it had been the custom of plaintiff and other traveling men for years to place their trunks in this sample room. The last time it was placed there it remained some sixty days; the plaintiff Abercrombie being in and out of the hotel visiting his customers in the surrounding country. On December 12th he saw and opened the trunk in the sample room. From that time until December 14th he was registered at the hotel, but was away for several meals. On December 14th he looked for his trunk and found it gone. When he visited the sample room on December 12th he found the room unlocked and left it so. Proof was that the custom of the hotel was to leave this room unlocked, except when it was being used by some particular salesman, in which case the key was delivered to the salesman during his occupancy of the sample room. To this evidence the trial court sustained a demurrer, and the correctness of his ruling is before us for review.

The liability of an innkeeper under the common law is fully determined in the decision of Williams v. Norvell-Shapleigh Hardware Co., 29 Okla. 331, 116 Pac. 786, 35 L. R. A. (N. S.) 350, Ann. Cas. 1913A, 448, a case almost identical upon the facts. It was there said:

"Where property is brought to a hotel for the purpose of sale or show, such as the goods of commercial travelers, the law does not hold an innkeeper to his strict liability, but only to the exercise of ordinary care and answerable for negligence."

That case, however, arose in the Indian Territory, and liability was governed by the rules of the common law only. Our statute (sec. 1113, Rev. Laws 1910) provides in part:

"An innkeeper or keeper of a boarding house is liable for all losses of, or injuries to, personal property placed by his guests or boarders under his care, unless occasioned by an irresistible superhuman cause, by a public enemy, by the negligence of the owner, or by the act of some one whom he brought into the inn or boarding house."

As was said in Huckins Hotel Co. v. Hooper, 44 Okla. 307, 144 Pac. 177:

"This statute practically makes the innkeeper an insurer of the property of his guest placed under his care," unless excused by the terms of this or the other sections of the statute relating to keeping a safe, etc.

The statute extends the liability to all "personal property," thus doing away with the distinction drawn at common law between goods for personal use and goods carried as samples or for sale.

The only question remaining, then, is whether the plaintiff's proof showed that his trunk was placed under the care of the inn-keeper or the contributory negligence of the plaintiff was under our Constitution a question for the jury. We may eliminate any question as to whether a delivery to a baggageman hired to solicit for the hotel was a delivery to the innkeeper, as there is no definite proof that the trunk was upon the occasion of its being last placed in the hotel delivered to the particular baggageman shown to have been so employed or to any of his agents. It then remains to determine whether placing the trunk in the sample room under the circumstances indicated above amounts to placing under the innkeeper's care. We regard the expression in the statute "placed under his care" as not intended to modify the rules of the common law in regard to the time at which, and the circum stances under which, the liability of the innkeeper attaches to the goods of his guest. We think section 1113 must be construed as extending rather than restricting the common-law doctrine. The liability of the innkeeper is extended to all personal property of the guest, whereas at common law it did not extend to goods carried for purposes of sale, nor, as held by many courts, to large sums of money or articles of great value not necessary for the traveler's convenience and comfort. So, too, the liability of an inn keeper is extended to the property of regular boarders, and a boarding house keeper is brought under the same rules as an innkeeper. Where, therefore, every other provision of the section amplifies and extends rather than restricts the common law, we feel justified in inferring that the intention of the

legislature in the particular clause in question was likewise not restrictive. On the other hand, sec. 1114 clearly limits the harsh liability imposed by the preceding section. It provides for exemption from liability for articles of great value and small compass not required for present use, if a safe be provided, notice given, and the guest fail to deposit such articles especially with 'the landlord, but this section also, by strong implication at least, recognizes the existence of liability unless there be a compliance with the statute. Huckins Hotel Co. v. Hooper, supra.

California prior to 1895 had a statute which is an exact duplicate of our own. In Mary T. Fay v. Pacific Improvement Co., 93 Cal. 252, 26 Pac. 1099, 28 Pac. 943, 16 L. R. A. 188, 27 Am. St. Rep. 198, the Supreme Court of that state, construing this statute, said:

"Nor is it necessary, in order to render the innkeeper liable, that the property should have been delivered into his exclusive personal possession. The guest may retain personal custody of his goods within the inn, as of his trunk and its contents, his wearing apparel, and other articles in his room, and any jewelry or valuables carried or worn about his person, without discharging the innkeeper from liability.' Jalie v. Cardinal, 35 Wis. 126."

And in Churchill v. Pacific Improvement Company, 96 Cal. 490, 31 Pac. 560, speaking of this statute, the California court said that:

The statute "was simply declaratory of the common law," and, "if, therefore, there was no such statutory provision as we find in sec. 1859, the liability of the innkeeper would be the same as it is under that section."

Though we are not prepared to now approve the broad language of this case in all respects, yet it is illustrative of the views of that court in regard to the effect of the statute.

Viewing the statute as we do, as not restrictive of the common law, we turn to the principle of that law to determine the innkeeper's liability here. At common law notice to the innkeeper that the goods of the guest were brought within the inn was not necessary before the innkeeper's liability attached, nor was it necessary that complete domination over the goods be given the innkeeper. If they were under his general control, though retained in his room by the guest, it was sufficient. So, too, if the goods of the guest were deposited in the usual and ordinary place for receiving them, and especially if that place were within the inn

or appurtenant to it, the liability at once attached. Thus it has been held:

"It is not necessary that goods should be placed in the special keeping of an innkeeper in order to make him liable in case of loss. If the owner is a guest, and his goods are within the inn, that is sufficient to charge the innkeeper." McDonald v. Edgerton, 5 Barb. (N. Y.) 560.

"A delivery of the goods into the custody of the innkeeper is not necessary to charge him with them; for, although the guest doth not deliver them or acquaint the innkeeper with them, still the latter is bound to pay for them if they are stolen or carried away; even though the person who stole them or carried them away is unknown." Story on Bailments, sec. 479; 2 Kent's Commentaries, 593; Burrows v. Trieber, 21 Md. 320, 83 Am. Dec. 590.

"Although the guest doth not deliver his goods to the innholder to keep, nor acquaint him with them, yet, if they be carried away or stolen, the inkeeper shall be charged." Calye's Case, 8 Co. 32.

"It is clear that the goods need not be in the special keeping of the innkeeper in order to make him liable; if they be in the inn, that is sufficient to charge him." Burnett v. Millar, 5 T. R. 274, 4 M. & S. 306.

"It is not necessary that the baggage should be in the innkeeper's special keeping; but it is generally sufficient that it is in the inn under his implied care. The innkeeper may be exonerated by showing that the guest has taken upon himself exclusively the custody of his own goods; but even a request by him that they shall remain in some particular place in the inn, the place so designated not being in his exclusive possession, but under the control and supervision of the innkeeper, will not discharge the latter from his liability" if the goods be lost. "Unless the innkeeper has given his guest notice that he will not be responsible for the goods if they are left in the public room, his liability still continues. The mere exercise of the choice of a room or other place by the guest which is not objected to will not discharge the innkeeper from his general responsibility if the guest does not thereby acquire an exclusive possession of the room or place." Packard v. Northcraft's Adm'r, 59 Ky. (2 Metc.) 439.

The "innkeeper's responsibility for property of his guests extends to every part of his house into which it is usual for such property to be taken, and this responsibility can only be limited by his showing that there was a different understanding between him and his guest." Epps v. Hinds, 27 Miss. 657, 61 Am. Dec. 528.

"Where a traveler went to an inn and desired to have his luggage taken into the commercial room, to which he resorted, from which it was stolen, held, that the innkeeper was responsible, although he proved that, according to the usual practice of his house, the luggage would have been deposited in the

guest's bedroom, and not in the commercial room, if no order had been given respecting it." Richmond v. Smith, 8 Barn. & Cress, 9, 15 E. C. L. 14.

In Maloney v. Bacon, 33 Mo. App. 501, a trunk was placed upon the platform outside the hotel—the usual place for delivery of such baggage. The court held the innkeeper liable for its theft, saying:

"Applying the principle to be deduced from the foregoing, we hold that, if defendant had customarily received the baggage of his guests at the platform in the immediate front of his hotel, and that plaintiff's trunk was delivered on this platform in the usual and customary way, as practiced between the defendant and transfermen, that defendant should answer for its loss."

Innkeepers are chargeable for the goods of their guests lost or stolen out of their inn, and to render them liable it is not necessary that the goods should be delivered into their special keeping, nor to prove negligence, as where a sleigh loaded with wheat was put by a guest into an outhouse appurtenant to the inn, where loads of that description were usually received, and the grain stolen during the night, the innkeeper was held responsible for the loss. Clute v. Wiggins, 14 Johns. (N. Y.) 175, 7 Am. Dec. 448; Norcross v. Norcross, 53 Me. 163; Bradner v. Mullen, 27 Misc. Rep. 479, 59 N. Y. Supp. 178; Read v. Amidon, 41 Vt. 15, 98 Am. Dec. 560.

Applying the principles to be deduced from these cases to so much of the testimony in the case at bar as is favorable to plaintiff, and omitting consideration of all other, as we must upon demurrer to the evidence, it seems that a case was proven. Plaintiff was a guest; he caused his trunk to be deposited within the hotel, in the only place that he, from an experience of five or six years in stopping there, knew to be provided for such trunks. It was shown that this was the room ordinarily used by traveling men for their sample trunks. Although there was no proof that the landlady knew his trunk was in the room upon the particular occasion involved, inasmuch as the testimony showed it had previously been placed there, as many as 20 times, it is fairly inferable that she knew that it was customary to do so. In fact, this was the only "sample" room provided, and she herself testified that she permitted and authorized its use by traveling men. The room is shown not to have been in the exclusive possession of the plaintiff, Abercrombie.

If he was guilty of negligence which would preclude his recovery, that was a question for the jury. Upon the whole we are of opinion that the testimony was sufficient, as against a demurrer to the evidence, to authorize the submission of the cause to the jury, and that the trial court was in error in refusing so to do.

The cause should be reversed, and a new trial ordered.

By the Court: It is so ordered.