Note.—See under (1) 32 C. J. p. 658, §262 (Anno) ; 14 R. C. L. p. 559; 3 R. C. L Supp. p. 248. (2) 32 C. J. p. 660, §267; anno. 23 A. L. R. 606: 14 R. C L. p. 572; 3 R. C. L. Supp. p. 250. (3) 32 C. J. p. 658, §262 (Anno) ; 23 L. R. A. 737; 26 L. R. A. (N. S.) 232; 23 A. L. R. 594: 14 R. C. L. p. 557; 5 R. C. L Supp. 771; 6 R. C. L. Supp. p. 825.

---

BUSBY HOTEL & THEATRE CO. et al. v. THOM.

No. 17359. Opinion Filed April 12, 1927.

Rehearing Denied June 28, 1927.

(Syllabus.)

1. Innkeepers—Statutory Liability for Loss of Personal Property of Guests.

Section 5210, C. O. S. 1921, providing that "An innkeeper or keeper of a boarding house is liable for all losses of, or injuries to, personal property placed by his guests or boarders under his care," in effect, makes such innkeeper or keeper of a boarding house an insurer of his guests' personal property unless such loss or injury is occasioned "by an irresistible superhuman cause, by a public enemy, by the negligence of the owner, or by the act of someone whom he has brought into the inn or boarding house."

2. Same—Liability for Loss from Fire of Unknown Origin.

Under section 5210, C. O. S. 1921, making an innkeeper liable for the loss of personal property placed by his guests under his care, "unless occasioned by an irresistible superhuman cause", a loss occurring by fire of unknown origin which originated in the basement of a hotel cannot be considered "occasioned by an irresistible superhuman cause."

3. Same—Salesman's Samples as "Personal Property."

The words "personal property," as used in this act, embrace the samples of traveling salesmen.

4. Same—Pleading—Action for Statutory Liability—Allegations of Negligence as Surplusage.

Where plaintiff pleads a cause of action based upon negligence and, in so pleading, his petition states all the facts necessary to authorize a judgment under a provision of the statute, by pleading a cause of action for negligence and thereby stating more than is required, plaintiff does not forfeit his right to recover upon a statutory liability.

5. Appeal and Error—Questions of Fact—Conclusiveness of Verdict.

Where questions of fact are submitted to the jury under proper instructions, the verdict of such jury and the judgment of the court rendered thereon will not be disturbed on appeal if there is any evidence reasonably tending to support it.

6. Trial — Instructions — Sufficiency as a Whole.

It is not necessary for each separate instruction to embody every fact or element essential to sustain or defeat an action, nor is it necessary for each separate instruction to cover the entire case. If the different instructions, taken together and considered as a whole, fairly present the law of the case, and there is no conflict between the different paragraphs thereof, this will be sufficient.

Error from District Court, Pittsburg County; O. H. Searcy, Assigned Judge.

Action by C. W. Thom against the Busby Hotel & Theatre Company, a corporation, et al. Judgment for plaintiff, and defendants appeal. Affirmed.

William J. Horton, Jackman A. Gill and Fordyce, Holliday & White, for plaintiffs in error.

A. C. Markley (Miller, Winger & Reeder, and S. J. McCulloch, of counsel), for defendant in error.

PHELPS, J. This cause comes here on

appeal from the district court of Pittsburg county, the facts out of which it grew being substantially as follows: C. W. Thom, defendant in error, was a traveling salesman carrying with him trunks containing samples of merchandise, also his personal effects; that on September 15, 1924, he was a regular registered guest at the Hotel Busby, conducted by plaintiffs in error in the city of McAlester, Okla., at which time the hotel was destroyed by fire, the sample trunks with their contents and personal effects of defendant in error being also destroyed. He filed his action in the district court of Pittsburg county for damages in the amount of the value of the personal property so destroyed. The cause was tried to a jury, and upon a verdict in favor of Thom judgment was rendered, to reverse which this appeal is prosecuted.

The case is very ably and exhaustively briefed on both sides, and a number of questions raised and presented, but primarily the paramount question to be determined here is whether, under section 5210, C. O. S. 1921, plaintiff in error, as an innkeeper, was an insurer of the personal property of its guests. Said section reads as follows:

"An innkeeper or keeper of a boarding house is liable for all losses of, or injuries to, personal property placed by his guests or boarders under his care, unless occasioned by an irresistible superhuman cause, by a public enemy, by the negligence of the owner, or by the act of someone whom he brought into the inn or boarding house; and upon such property the innkeeper or keeper of a boarding house has a lien and a right of detention for the payment of such amount as may be due him for lodging, fare, boarding, or other necessaries by such guest or boarder; and the said lien may be enforced by a sale of the property in the manner prescribed for the sale of pledged property."

It is the contention of defendant in error that this section of the statute in its legal effect makes the innkeeper an insurer of and liable for all losses or injuries to personal property placed under his care by his guests except where specifically exempted from liability by the provisions of said statute.

Plaintiffs in error contend that this section of the statute, in the absence of negligence pleaded and proved, does not make the innkeeper an insurer of such property. Counsel for both parties cite Huckins Hotel Co. v. Hooper, 44 Okla. 307, 144 Pac. 177, but an examination of that authority indicates that the principal controversy there presented was whether the complaining party was in fact a guest of the hotel at the time the property for which he sued was lost, but the opinion, written by Mr. Commissioner Brewer, is illuminating as to whether this court shall hold that this section of the statute was intended to make the innkeeper an insurer of his guests' personal property, when, in the opinion, the following language was used:

"This statute practically makes the innkeeper an insurer of the property of his guests placed under his care * * *"

—and, again:

"In this case the defendant offers no word of explanation as to how the loss occurred. * * * It stands in the attitude of saying: 'Yes, we are an innkeeper, and you were our guest when you deposited your money, and, had you demanded its return while you were our guest, we were insurers and would have been liable to you. * * *' "

It appears that this statement is the only expression of this court on the question here involved, and it was doubtless Judge Brewer's intention, when he wrote that opinion, to say that the statute under consideration does make the innkeeper an insurer except in the instances specifically exempted. This, apparently, was the view of the trial judge when he gave instruction No. 2 in which he instructed the jury that under the evidence introduced plaintiff was entitled to recover and the only question to which the jury should address its inquiry, so far as the hotel company was concerned, was as to the amount the plaintiff was entitled to recover. This view, in our judgment, is in harmony with the intention of the legislators when they enacted this statute.

It is the contention of plaintiffs in error that in the absence of negligence pleaded and proved the destruction of the hotel by fire came within the meaning of the term "irresistible superhuman cause" as contemplated by the use of that term in the statute.

Referring to the section of the statute under consideration, in Abercrombie v. Edwards, 62 Okla. 54, 161 Pac. 1084, this court said:

"California prior to 1895 had a statute which is an exact duplicate of our own"

—and in Fay v. Pacific Improvement Co., 93 Cal. 253, 26 Pac. 1099, it appears that the guests' personal property was destroyed, as in the instant case, by fire of unknown origin and, commenting upon this section of the statute, in the body of the opinion, that court said:

"A fire thus occurring cannot be considered 'an irresistible superhuman cause' with-

in the meaning of section 1859 of the Civil Code. The words 'irresistible superhuman cause' are equivalent in meaning to the phrase 'the act of God' and refer to those natural causes the effects of which cannot be prevented by the exercise of prudence, diligence, and care, and the use of those appliances which the situation of the party renders it reasonable that he should employ."

The construction placed upon this language of the statute by the Supreme Court of California seems to us a reasonable one, and since our attention has not been called to a contrary view. we shall adopt the construction placed thereon by the California court.

It is further contended by plaintiffs in error that the words "personal property," as used in section 5210, C. O. S. 1921, supra, are not sufficient to extend the liability of the innkeeper to the samples of merchandise carried by traveling salesmen. Counsel support this contention with generous citation of authorities emphasizing the common-law rule that the term "personal property," as here used, is intended to cover only the personal effects usually carried by the traveler for his own comfort and convenience, and that as to the samples carried by a commercial traveler the innkeeper is required to exercise only ordinary care in their preservation.

Such was the holding of this court in Williams v. Norvell-Shapleigh Hardware Co., 29 Okla. 331, 116 Pac. 786. However, in Abercrombie v. Edwards, supra, a later opinion of this court, that case was referred to and attention called to the fact that it arose in the Indian Territory prior to the enactment of the statute under consideration and that liability was governed by the rules of the common law, and the court in the body of the opinion, goes on to say:

"The statute extends the liability to all personal property, thus doing away with the distinction drawn at common law between goods for personal use and goods carried as samples or for sale."

In view of this decision, and considering that the enactment of this statute superseded the application of the common-law rule, the authorities cited and commented upon by counsel for plaintiffs in error have no application to the facts in the instant case.

It is further urged that the samples carried by defendant in error were the property of the mercantile establishment represented by him and that he would not be entitled to sue for the value of such samples, but the evidence shows that the samples delivered to defendant in error were charged to him and that he became liable for and was required to pay for all sample goods not returned to the house by him, which facts justify the conclusion that, since the goods were destroyed by fire and defendant in error was required to pay for them, he would be entitled to recover their value from plaintiffs in error.

When defendant in error filed his petition in the district court he pleaded negligence on the part of the plaintiffs in error and it is contended by plaintiffs in error that. since the petition alleged negligence, it was incumbent upon the plaintiff below to prove his allegations of negligence. An examination of the record shows that, aside from the allegation of negligence, the plaintiff below pleaded and proved his cause of action arising under the statute. The record further shows that the trial court proceeded with the trial and instructed the jury as though the plaintiff had not attempted to plead negligence, but upon the theory that he was prosecuting his claim upon a statutory liability. As sustaining this procedure defendant in error cites Campbell v. Missouri Pac. Railway Co., 121 Mo. 340, 25 S. W. 936.

It appears that the Missouri statute made railway companies liable for damage to property caused by fire communicated either directly or indirectly by its locomotive engines, and plaintiff pleaded that the railway company negligently permitted the fire to escape, which resulted in damage to plaintiff's property, and in disposing of the case the court used the following language:

"The petition charged that the fire causing the injury was permitted to escape through the negligence of defendant, and the court permitted a recovery under the statute without proof of negligence. Defendant assigns this action of the court as error in that it permitted a recovery upon a cause of action different from that charged in the petition. The petition states all the facts necessary to authorize a judgment under the provisions of the statute. and, in addition thereto, the allegation of negligence. By the statement of more than was required, plaintiff did not forfeit his right to recover upon proof of the facts he was required to state, and did state. in his petition."

A similar condition existed in the instant case, and while, as a general rule, the plaintiff in the trial court will be required to prove the allegations of his petition, but if in pleading negligence he pleads facts show-

ing a liability arising from the violation of a statute, as was said by the Supreme Court of Missouri, this may be considered mere surplusage. and if the cause is tried upon the theory that there is a statutory liability, the defendant is not injured thereby, and we see no sound logic or reason why he should be heard to complain.

It appears that the Hussey Tie Company, a corporation, was the owner of the hotel property where the fire occurred and that it was being operated by the Busby Hotel & Theatre Company under a rental contract. Both corporations were made parties defendant in the court below and the question arose as to whether the Hussey Tie Company, being, as it claimed, only the lessor of the property, could be held liable for the damages claimed by plaintiff, but the questions there raised were submitted to the jury under proper instructions. and the jury having found the questions of fact in favor of plaintiff and returned its verdict against both corporations. and that verdict being amply sustained by the evidence. we find nothing in the record that would indicate that the court's judgment rendered upon such verdict should not be sustained.

Plaintiffs in error also complain of the instructions given by the court, as well as the court's refusal to give certain requested instructions, but a careful examination of those given and requested convinces us that, even if it could be said that the instructions are subject to criticism in unimportant details, they, as a whole, fairly state the law applicable to the facts as developed by the evidence, and we see no reason for interfering with the judgment of the district court, and it is therefore, in all things affirmed.

BRANSON, C. J., MASON, V. C. J., and LESTER, CLARK. RILEY, and HEFNER, JJ.. concur.

Note.—See under (1) 32 C. J. p. 546, §§37. 38; p. 547, §42; p. 548. §44; 14 R. C. L. p. 514; 3 R. C. L Supp. p. 242; 4 R. C. L. Supp. p. 909; 6 R. C. L. Supp. p. 825. (2) 32 C. J. p. 549, §44. (3) 32 C. J. p. 550. §45; anno. 35 L. R. A. (N. S) 350: 14 R. C. L. p. 525; 3 R. C. L. Supp. p. 244. (4) 31 Cyc. pp. 68, 69. (5) 4 C. J. pp. 851, 853, §2834; 2 R. C. L. p. 194; 1 R. C. L. Supp. p. 483; 4 R. C. L. Supp. p 90; 5 R. C L. Supp. p. 79; 6 R. C. L. Supp. p. 73. (6) 38 Cyc. pp. 1611, 1778, 1779. 1781; 14 R. C. L. p. 770; 3 R. C L. Supp p. 280; 4 R. C. L. Supp. p. 918; 5 R C. L. Supp. p. 776; 6 R. C. L. Supp. p. 830.