**ANDERSON HOTELS OF OKLAHOMA, Inc., et al. v. BAKER.**

**No. 4233.**

United States Court of Appeals
Tenth Circuit.

July 14, 1951.

Rehearing Denied Aug. 18, 1951.

B. W. Tabor, Tulsa, Okl., and Tom Wallace, Sapulpa, Okl. (Clayton B. Pierce, Truman B. Rucker, Oklahoma City, Okl., and Everett S. Collins, Sapulpa, Okl., were with them on the brief), for appellants.

Keith Martin, Kansas City, Mo., and Glenn A. Young, Sapulpa, Okl. (Louis W. Krings, Kansas City, Mo., and John W. Young, Sapulpa, Okl., were with them on the brief), for appellee.

Before PHILLIPS, Chief Judge, and MURRAH and PICKETT, Circuit Judges.

PICKETT, Circuit Judge.

Plaintiff brought this action to recover for personal injuries and damage to property which plaintiff incurred while occupying a room as a guest, on the third floor of a hotel owned by the defendants, Nick Douvas and Lorraine Douvas, and operated by the defendant, Anderson Hotels of Oklahoma, Inc. All of the allegations of negligence charged by the plaintiff were disposed of adversely to him except the allegation that the defendants failed to have installed in the room occupied by the plaintiff a rope fire escape as required by the Oklahoma statutes. Verdict and judgment were for the plaintiff in the sum of $11,000 for personal injuries, and $250 for loss of personal belongings. This appeal was taken by the defendants.

The principal question presented here is whether 63 Okl.St.Ann. 172,[1] insofar as it

---

1. "Independent of and in addition to the external iron fire escapes, that may be required by any law of this State, upon any hotel or large boarding house, tenement house, or in any building in which rooms or floors are let for numerous families, whenever any said building can accommodate twenty or more individuals, and is two or more stories in height, it shall be the duty of the owners of all said buildings to provide, and cause to be securely affixed inside to a bolt three-

relates to hotels, was repealed by subsequent legislation. On April 28, 1908, Chap. 38 of the 1907 and 1908 Oklahoma Session Laws was approved, Sec. 2 thereof now being Sec. 172. This Chapter was entitled "An Act to provide certain buildings, public and private institutions, and places of public assemblage, and places of public resort, hotels, lodging apartment and other public houses, with fire escapes, and providing penalties for violation thereof." At the same session Chap. 43 was approved May 27, 1908. This was "An Act to provide for the inspection and management of hotels and public lodging houses, defining hotels, providing for fire escapes, and prescribing penalties." Sec. 4 required rope fire escapes in hotels not over two stories in height and not equipped with metallic fire escapes.[2] Sec. 20 repealed all acts or parts of acts inconsistent with that Chapter. So far as the requirement for rope fire escapes in hotels is concerned, Sec. 4 of the May 27th Act is in direct conflict with such requirements in Sec. 2 of the April 28th Act. The earlier enactment, without any exceptions, required a rope to be affixed in each room of every hotel two stories or more in height. Sec. 4 of the May 27th Act required that rope escapes be placed only in rooms of hotels which are not over two stories in height, and then only when the building is not provided with the type of a metallic fire escape which the Act required.

The Oklahoma law is settled that where two statutes are inconsistent and repugnant, the latest expression of the legislature will be held to prevail and to repeal the repugnant provisions of the earlier statute. In re Initiative Petition, 203 Okl. 438, 222 P.2d 1032, 1034; Harrigill v. State, Okl.Cr.App., 214 P.2d 263, 269; Hines v. Harmon, 178 Okl. 1, 61 P.2d 641; James v. Board of Commissioners of McCurtain County, 103 Okl. 141, 229 P. 554; City of Pawhuska v. Pawhuska Oil & Gas Co., 64 Okl. 214, 166 P. 1058; Ex parte James, 4 Okl.Cr. 94, 111 P. 947. In the James case it was said that where two acts passed by the same legislature contain repugnant provisions, the one which last received executive approval or which was passed over the executive veto will be held to repeal the repugnant provisions of a former act. It is also well settled in Oklahoma that a statute which contains a repealing clause such as that embodied in the May 27th Act operates to repeal all earlier statutes or parts thereof which are in conflict. Greer v. Bird, 93 Okl. 246, 220 P. 579; Nettles v. Carson, 77 Okl. 219, 187 P. 799. It seems to us also that the May 27th Act was comprehensive and designed to deal specifically with the operation of hotels and public lodging houses in the State of Oklahoma, while the April 28th Act was a general statute having to do with fire escapes in public buildings. The subsequent Act fully covered and embraced all provisions of the former relating to fire escapes in hotels. In such cases the later statute is considered a substitute for and will be construed as a repeal of the prior statute by implication, even though the later statute makes no reference to the earlier one. Skelton v. United States, 10 Cir., 88 F.2d 599, 604; Ex parte Olden, 88

---

fourths of an inch in diameter through the wall near the window head of at least one window in each room on the second floor and in each room on each higher floor, a rope made of good material not less than one-half inch in thickness and of sufficient length to extend to the ground, or other place of landing; such rope escape in each room to be carefully coiled and kept near the sill of the window to which the escape is attached, and with directions of manner of use attached thereto."

2. "Every hotel which is not over two stories in height and which is not provided with such fire escape as is described in section two hereof, shall be provided in every bedroom or sleeping apartment on the second floor, a manila, cotton or sisal rope at least five-eighths of an inch in diameter, and of sufficient length to reach the ground, with knots or loops not more than fifteen inches apart and of sufficient strength to sustain a weight and strain of at least five hundred pounds. Such rope shall be securely fastened to the joists or studding of the building as near the window as practicable, and shall be kept coiled in plain sight. Every such hotel shall provide and maintain, in a conspicuous place in every bedroom or sleeping apartment above the ground floor, a printed notice calling attention to such rope, and giving directions for its use."

Okl.Cr. 56, 199 P.2d 228, 234; Application of Jackson, 179 Okl. 577, 66 P.2d 1101, 1103; Board of Education v. McCracken, 62 Okl. 173, 162 P. 782; Hine v. Gokey, 23 Okl. 870, 102 P. 77; City of Ardmore v. Chicago, R. I. & P. R. Co., 172 Okl. 373, 45 P.2d 540.

It is suggested that the inclusion of Sec. 2 of the April 28th Act in the 1941 revision of the Oklahoma Statutes amounted to a reenactment of that section. The Oklahoma Courts have had occasion to pass upon this subject at different times and have held that such inclusion does not operate to give validity to the repealed statute. School Board of Consol. School Dist. No. 47 v. Monsey, 198 Okl. 41, 175 P.2d 76; Thomas v. State, 83 Okl.Cr. 25, 172 P.2d 651; In re Initiative Petition, supra; Harrigill v. State, supra; Ex parte Olden, supra. It follows that the rope fire escape provisions of the earlier act were effectively repealed by the later legislation.

The second cause of action in the complaint sought judgment for the loss of wearing apparel, personal effects, bags and baggage of the plaintiff which were destroyed by the fire. The verdict of the jury was against the defendant, Anderson Hotels of Oklahoma, Inc., for the sum of $250. Judgment was entered for that amount against both defendants. The hotel company urges that this judgment cannot stand for the reason that it is based solely on the negligence of the defendant in failing to comply with the rope statute. Apparently in Oklahoma, the only defense which a hotelkeeper has for loss of personal effects of a guest in the hotel is that the loss was caused by one of the exceptions named in the statute,[3] the amount of recovery being limited to $250. 15 Okl.St.Ann. §§ 501, 503b; Park-O-Tell Co. v. Roskamp, 203 Okl. 493, 223 P.2d 375; Busby Hotel & Theatre Co. v. Thom, 125 Okl. 239, 257 P. 314; Abercrombie v. Edwards, 62 Okl. 54, 161 P. 1084; Huckins Hotel Co. v. Hooper, 44 Okl. 307, 144 P. 177. No claim is made that the loss was the result of one of the exceptions.

3. The exceptions in 15 Okl.St.Ann. § 501 are losses "occasioned by an irresistible superhuman cause, by a public enemy, by the negligence of the owner, or by the act of someone whom he brought into the inn * * *."

Judgment is reversed except as to that part which awarded the plaintiff $250 against Anderson Hotels of Oklahoma, Inc., and that part of the judgment is affirmed.