OPINION — AG — **** COMMISSIONER OF LAND OFFICE — PROCEDURES FOR CONDUCTING BUSINESS **** IF THE COMMISSIONER OF THE LAND OFFICE ORIGINALLY FAIL TO INSTITUTE ACTION BECAUSE THERE WERE LESS THAN THREE MEMBERS VOTING AFFIRMATIVELY FOR IT, THE SAME ACTION MAY BE INSTITUTED AT A LATER TIME BY AN AFFIRMATIVE VOTE OF THREE MEMBERS OF THE COMMISSION AND IT IS NOT NECESSARY THAT THE FULL MEMBERSHIP CONCUR. NO ACTION PREVIOUSLY TAKEN BY THE COMMISSION MAY BE RECINDED EXCEPT BY UNANIMOUS VOTE OF THE FULL MEMBERSHIP OF THE BOARD OF COMMISSIONER OF THE LAND OFFICE. CITE: 64 O.S. 1971 154 [64-154] (PAUL C. DUNCAN) JOHN M. ROGERS STATE EXAMINER AND INSPECTOR ATTORNEY GENERAL OF OKLAHOMA — OPINION AUGUST 25, 1972 OPINION — AG — **** COMMISSIONERS OF THE LAND OFFICE — LETTING OF CONTRACTS UNDER $500 **** THE PROVISIONS OF TITLE 74 O.S. 1971 85.7 [74-85.7] ARE CONTROLLING OVER THE CONFLICTING PROVISIONS OF TITLE 64 O.S. 1971 87 [64-87](A)(E) AND THE COMMISSIONERS OF THE LAND OFFICE NEED NOT SUBMIT EVERY CONTRACT FOR SOIL CONSERVATION WORK TO COMPETITIVE BIDS BY THE STATE PURCHASING DIRECTOR WHERE SUCH CONTRACT INVOLVES EXPENDITURES OF $500.00 OR LESS. CITE: 74 O.S. 1951 64 [74-64](A), 74 O.S. 1971 85.1 [74-85.1] (TODD MARKUM) John M. Rogers State Examiner and Inspector Attorney General of Oklahoma — Opinion August 25, 1972 ** Summary **
COMMISSIONERS OF THE LAND OFFICE — LETTING OF CONTRACTS UNDER $500 The provisions of Title 74 O.S. 85.7 [74-85.7] (1971) are controlling over the conflicting provisions of Title 64 O.S. 87 [64-87](a) (1971) (e) and the Commissioners of the Land Office need not submit every contract for soil conservation work to competitive bids by the State Purchasing Director where such contract involves expenditures of $500.00 or less. The Attorney General has considered your request for an opinion wherein you ask the following question: "Must the Commissioners of the Land Office submit every contract for soil conservation work to competitive bids by the State Purchasing Director where such contract involves expenditure of $500.00 or less, as provided in 74 O.S. 85.7 [74-85.7] (1971)?" Title 74 O.S. 85.7 [74-85.7] (1971) states in part: "No acquisition or contract shall be made in excess of $500.00 without the submission of competitive bids by the State Purchasing Director, and such acquisition or contract shall be awarded to the lowest and best bidder . . ." (Emphasis added) Title 74 O.S. 85.3 [74-85.3] (1971) states in part: ". . . All activities of any State agency, department or institution relating to purchasing shall be under the direction of the purchasing division, except such acquisitions as are excluded by the Oklahoma Central Purchasing Act. . . ." Title 74 O.S. 85.2 [74-85.2](1) (1971) states: "The term 'state agency' and 'agency' shall include any office, officer, bureau, board, counsel, court, commission, institution, unit, division, body or house of the Executive or Judicial Branches of the state government, whether elected or appointed, excluding only municipalities, counties and other governmental subdivisions of the state." (Emphasis added) The above cited statutes, summarized, hold that all state agencies are subject to the provisions of the Act in that all acquisitions or contracts in excess of $500.00 shall be subject to competitive bidding. The Commissioners of the Land Office would come under the definition of agency as set forth in Section 74 O.S. 85.2 [74-85.2] (1). Title 64 O.S. 87a [64-87a](e) (1971) was enacted in 1941 and provides, in part: "In expending the fund, as established in this Act, for the preservation and improvement of school and public building lands, the Commissioners of the Land Office are hereby authorized to contract with any private individual, co-partnership or corporation, or with any Board or Department of State Government or with any Federal Agency for such labor or material and for such tools, machinery and equipment as may be found necessary and to be required for the purpose of conserving and improving the lands under their management and control, together with the present improvement thereon, any such contract to be let to the low and best bidder, after proper notice. . . ." (Emphasis added) As this section states, all contracts for "conserving and improving land" are to be let to the low and best bidder, regardless of the amount of the contract. Thus, this section is, to that extent, in conflict with Title 74 O.S. 85.7 [74-85.7] (1971) insofar as contracts $500.00 or under are concerned. It should be pointed out that Title 74 O.S. 85.1 [74-85.1] through 85.16 were enacted in 1959. Title 64 O.S. 87a [64-87a] was originally enacted in 1941. It is therefore necessary to determine which statute, in the event of conflict, would prevail. Senate Bill 211, Section 17, 27th Oklahoma Legislature, Regular Session (1959) states: "Repealing clause. 74 O. S. 1951, 64 (a), 86.4, 92 and 93, are hereby repealed; all laws and parts of laws in conflict herewith are hereby repealed to the extent of such conflict." As stated in the above cited section this repealer provision repeals all inconsistent provisions. In Anderson Hotels of Oklahoma, Inc. v. Baker, 190 F.2d 741
(10th Cir. 1951), the 10th Circuit Court, in interpreting Oklahoma law, held in syllabus one: "Under Oklahoma law, where two statutes are inconsistent and repugnant, the legislature's latest expression will be held to prevail and to repeal repugnant provisions of earlier statutes." In syllabus two, the Court said: "In Oklahoma, the statute containing clause repealing all acts or parts of acts inconsistent therewith repeals all earlier statutes or parts thereof in conflict with later statutes." In syllabus three, the Court held: "A comprehensive statute, dealing specifically with certain subjects and fully covering all provisions of previous general statutes as to particular matter, is considered a substitute for and will be construed as impliedly repealing prior statutes, though not referred to in later statute." At this point, it should be pointed out that the above cited section (17) of Senate Bill 211, included in the Enrolled Bill filed with the Secretary of State, was left out of the codified statute in 1961. However, this does not limit nor qualify its validity and effect. Title 74 O.S. 12 [74-12] (1971) states: "In all cases where there is anywise a conflict between the original acts and adopted statutes, the original acts shall govern, and the adopted statutes shall be deemed as repealed, amended or modified thereby, without reference to the date of the approval of such original acts. " Title 82 C.J.S., Statutes, Section 63 (d) (2) states: "In the event of a variance between the bill as enrolled and that as published, the former controls." Thus, this repealer section in Senate Bill 211 effectively repealed any statute in conflict with Senate Bill 211, now Title 74 O.S. 1971 85.1 [74-85.1] through 85.16. It is therefore the opinion of the Attorney General that your question be answered in the negative. The provisions of Title 74 O.S. 85.7 [74-85.7] (1971) are controlling over the conflicting provisions of Title 64 O.S. 87 [64-87](a) (1971) (e) and the Commissioners of the Land Office need not submit every contract for soil conservation work to competitive bids by the State Purchasing Director where such contract involves expenditures of $500.00 or less. (Todd Markum)